UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JEFFREY NUZZO,<br>      *Plaintiff*,<br><br>             v.<br><br>SERGEANT DEVINE AND TROOPER<br>WARREN,<br>      *Defendants*. | No. 3:18-cv-516 (JAM) |

**ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT**

Plaintiff Jeffrey Nuzzo has moved for relief from a final judgment against him on his claim that the defendant police officers violated his constitutional right to be free from the use of excessive force. Because I conclude that Nuzzo has not shown sufficient grounds to conclude that the judgment should be overturned, I will deny the motion.

### BACKGROUND

Nuzzo filed this lawsuit against Sergeant Devine and Trooper Warren of the Connecticut State Police in 2018. He claimed that they violated his constitutional right against the use of excessive force in connection with an incident at Nuzzo's house in October 2015 that culminated in the use of two police dogs against Nuzzo.

The case proceeded to a bench trial in October 2019, and I issued a decision in the defendants' favor in October 2020. *See Nuzzo v. Devine*, 494 F. Supp. 3d 232 (D. Conn. 2020). The trial evidence showed that late one night at his family home, Nuzzo had engaged in unstable and threatening behavior indicating a mental health breakdown that prompted his family to summon the police. *Id.* at 233. By the time the police arrived, however, Nuzzo was hiding on the roof, and the police were unable to find him after hours of searching on surrounding property through the night, even with the assistance of specially trained police dogs and a helicopter. *Id.* at

1

233–34. In the meantime, Nuzzo texted his wife to inform her that "if the police did not leave, he would blow up the house, or walk outside and attempt so-called 'suicide by cop.'" *Id.* at 234.

Ultimately, Nuzzo re-entered his house from the roof and came out through the front door to surrender to the police. *Id.* at 235. Nuzzo testified that—notwithstanding his full compliance with the officers' commands—the police (including the defendants Sergeant Devine and Trooper Warren) grabbed hold of him and held him down in order to have the dogs attack him. *Ibid.* By contrast, police witnesses testified that Nuzzo did *not* obey police commands as he left the house, and as a result two of the officers (Trooper Leary and Trooper Naples, who were not named as defendants) deployed their police dogs to secure Nuzzo, resulting in significant dog-bite injuries. *Id.* at 235–36.

I weighed the testimoy of the witnesses and credited the police officers over Nuzzo. *Id.* at 236. As to whether the officers violated Nuzzo's constitutional rights, I concluded in relevant part that "[i]n light of what the police knew about Nuzzo, the fast-moving sequence of events, and what Troopers Leary and Naples reasonably believed when they instructed their dogs to secure Nuzzo, it was not objectively unreasonable for them to believe that the deployment of the dogs was appropriate to ensure the apprehension of Nuzzo and without increasing a risk of injury to police officers." *Id.* at 237.

I noted as well that Nuzzo had not filed suit against Troopers Leary and Naples but only against Sergeant Devine and Trooper Warren, who the trial evidence conclusively showed "had nothing to do with instructing the dogs to secure Nuzzo." *Ibid.* I found that "[i]n view of what was known about Nuzzo's unbalanced, evasive, and threatening conduct, as well as the rapid course of events once Nuzzo left the house in very dark lighting conditions, I am not convinced that Sergeant Devine or Trooper Warren knew or should have reasonably been aware that it was

2

excessive for the dogs to be deployed on Nuzzo or to hold their positions on Nuzzo as long as they did," such that "even assuming the use of excessive force by other officers, the evidence does not show that the failure of Sergeant Devine and Trooper Warren to intervene amounted to a violation of the constitutional right of Nuzzo to be free from the use of excessive force." *Id.* at 238.

Nuzzo appealed. The Second Circuit affirmed by summary order, rejecting Nuzzo's arguments that the facts did not support the judgment against him or that there was any error of law. *See Nuzzo v. Devine*, 2021 WL 4695515 (2d Cir. 2021).

In the meantime, Nuzzo filed a *pro se* motion for relief from judgment.[1] He principally argues that newly discovered evidence shows that the defendants committed discovery violations, intentionally defrauded the Court through perjury, and manipulated and concealed critical evidence. In particular, he claims that the defendants (1) failed to disclose a use of force report; (2) disclosed darkened, blurry copies of the photographs documenting his injuries rather than the color originals later introduced at trial, while failing to include other probative photographs; (3) failed to preserve an audio recording of his cell phone call to the state police barracks during the incident in question; (4) failed to disclose relevant provisions of the Connecticut State Police A&O manual; and (5) conspired with his own counsel to keep him from obtaining the full supplemental investigation reports of additional officers. The defendants oppose his motion.[2] I heard oral argument from the parties, and this ruling now follows.

## DISCUSSION

Nuzzo seeks relief under Fed. R. Civ. P. 59(e) and 60(b). "A court may grant a Rule 59(e) motion only when the movant identifies an intervening change of controlling law, the availability

---

[1] Docs. #59 (motion), #62 (supplement), #70 (reply). Nuzzo was represented by retained counsel at trial.
[2] Doc. #65.

3

of new evidence, or the need to correct a clear error or prevent manifest injustice." *Metzler Inv. Gmbh v. Chipotle Mexican Grill, Inc.*, 970 F.3d 133, 142 (2d Cir. 2020). Similarly, Rule 60(b) "allows relief from a judgment or order when evidence has been newly discovered or for any other reason justifying relief from the operation of the judgment." *Mirlis v. Greer*, 952 F.3d 36, 50 (2d Cir. 2020). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Cho v. Blackberry Ltd.*, 991 F.3d 155, 170 (2d Cir. 2021). In light of these controlling legal standards, I now evaluate Nuzzo's claims.

### *Use of force report*

Nuzzo argues that the defendants failed to disclose to him or his counsel before trial a use of force report prepared by Sergeant Kevin Manzolillo.[3] The defendants dispute that the report was not disclosed. This report concludes that the officers did not use excessive force and relies on primary evidence that was disclosed to Nuzzo, including incident reports prepared by the police officers who were on the scene (which reports Nuzzo acknowledges were included as an exhibit to the joint trial memorandum).[4] Even assuming that the Manzolillo report was not disclosed, I have reviewed the report and Nuzzo's allegations of discrepancies that could have been the subject of cross-examination and I conclude that its disclosure would not have had any material effect on the trial or my findings in favor of the defendants. I am not convinced that any non-disclosure of the Manzolillo report warrants relief from the judgment.

### *Photographs of Nuzzo's injuries*

Nuzzo claims that the photographs provided by the defendants to the Court and his

---

[3] Doc. #59 at 50-63 (report).
[4] *Id*. at 63 (list of attachments to Manzolillo report); Doc. #23 at 5 (joint trial memo list of defense exhibits).

counsel were significantly darker and blurrier than those originally disclosed by the defendants. But the Court in fact received and relied upon the original color photographs attached to the joint trial memorandum, one of which is reproduced in the Court's prior ruling. *See Nuzzo*, 494 F. Supp. 3d at 235. In any event, the differences in color and photograph quality that Nuzzo identifies do not indicate an attempt by the defendants to mislead the Court, and I conclude that any such differences would not have affected my prior decision.

Nuzzo further contends that the defendants omitted from their disclosures and the trial evidence certain highly probative photographs showing his injuries from different angles. But Nuzzo does not dispute that his attorney communicated with defense counsel about the photographs each side planned to introduce at trial and could well have requested other photographic evidence from the defense or introduced any photographs in Nuzzo's possession. To the extent that Nuzzo claims that any additional photographs of bite-mark patterns support his version of what happened rather than the defendants' version, I am not persuaded that the photographs are conclusive in the manner Nuzzo claims. To the extent that Nuzzo claims that photographs of the outside of the house were misleading, Nuzzo could have offered his own photographs of the house at trial. I am not convinced that any deficiency with respect to the disclosure of photographs warrants relief from the judgment.

### *Recording of telephone call with police dispatcher*

Nuzzo accuses the defendants of intentionally destroying the recording of a cell phone call he made to police dispatch during the incident in question. He claims that the recording would show his "repeated clear and calm pleas to the officers on scene to 'calm down' and 'relax' as he was 'not resisting' and 'not fighting' them," as well as the "subsequent solitary

command without warning from TFC Leary directed at his K9 to 'GET HIM.'"[5] Nuzzo says that he did not know of the recording's existence until Officer Lanteri referenced it in his trial testimony.[6]

A claim for spoliation of evidence requires a showing "(1) that the party having control over the evidence had an obligation to preserve it at the time it was destroyed; (2) that the records were destroyed with a culpable state of mind; and (3) that the destroyed evidence was relevant to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense." *Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 107 (2d Cir. 2002). Culpable intent means that "the destroying party 'acted with the intent to deprive another party of the information's use in the litigation.'" *Coan v. Dunne*, 602 B.R. 429, 437 (D. Conn. 2019) (quoting Fed. R. Civ. P. 37(e)(2)).

Even crediting Nuzzo's claim that the recording of his telephone call to the police was not preserved, he has not shown that the defendants themselves took any steps to destroy this evidence. Nor has he shown that his counsel made a timely request in pre-trial discovery for any recordings such that they could have been used at trial. Nuzzo did not file this lawsuit until more than two years after the incident occurred, an interval that weighs heavily in favor of an innocent explanation for the lack of preservation.

In addition, even if I credit Nuzzo's account of what he was telling the police over the telephone as he was departing the house, he has not shown grounds to conclude that Sergeant Devine or Trooper Warren were aware at the time of the statements he made on the call or that any sound recording that might possibly have been captured over a dropped cell phone would have substantially changed my evaluation of the credibility of the witness testimony at trial. I am

---

[5] Doc. #59 at 21-22.
[6] *Id*. at 21.

not convinced that the failure to preserve a tape recording of Nuzzo's telephone call with the police dispatcher warrants relief from the judgment.

### *Police manual*

Nuzzo argues that the Connecticut State Police A&O manual clarifies that supervisory liability attaches to commanding officers for the conduct of their subordinates, including when police dogs are used to detain an arrestee. But although an internal police manual may be relevant to assess whether an officer should have known that his conduct was unlawful, it does not establish the legal standard for whether a police officer has violated the Fourth Amendment in the first place by using excessive force. *See Est. of Devine v. Fusaro*, 2016 WL 183472, at *7 (D. Conn. 2016), *aff'd sub nom. Est. of Devine*, 676 F. App'x 61 (2d Cir. 2017).

Nuzzo does not otherwise show why disclosure of the manual would have made a difference to the outcome of the trial. Indeed, my prior ruling made clear that there is "no 'act of dog' exception to a police officer's constitutional duty to refrain from the use of excessive force and to intervene if others do so." *Nuzzo*, 494 F. Supp. 3d at 238. I am not convinced that the failure to disclose the Connecticut State Police A&O manual warrants relief from the judgment.

### *Ineffective assistance of counsel*

Nuzzo argues that his trial counsel was unprepared and ineffective at trial, and Nuzzo speculates that his counsel was even collaborating with the defense. But because this is a civil case rather than a criminal prosecution, Nuzzo cannot raise a claim of ineffective assistance of counsel, and "any complaints he might have regarding his attorney's performance at trial must be raised in a separate malpractice proceeding." *James v. United States*, 330 F. App'x 311, 313 (2d Cir. 2009); *see also Hango v. Royall*, 466 F. App'x 30, 34–35 (2d Cir. 2012) (noting that "[t]o the extent that Hango argues that his attorneys provided ineffective assistance

7

by colluding with the defendants, … failing to introduce certain evidence, and failing to consult with him before making certain decisions, such allegations are insufficient to warrant a new trial because there is no constitutional right to the effective assistance of counsel in civil cases"). Accordingly, to the extent that Nuzzo premises his motion on a claim that his trial counsel was ineffective, I am not convinced that any deficiency in performance by his counsel warrants relief from the judgment.

In light of my conclusions above, there is no need for me to address the defendants' arguments that Nuzzo's claims are barred by the law-of-the-case doctrine. I have considered all of Nuzzo's additional arguments as set forth in his papers and at oral argument even if not specifically addressed here and conclude that they do not justify relief from judgment. Although I understand that the police officers' use of their dogs was a very traumatic experience for Nuzzo and that Nuzzo has brought this lawsuit in good faith, I am ultimately not convinced that the evidence shows that the defendants Devine and Warren violated Nuzzo's constitutional rights.

## CONCLUSION

For the reasons stated above, the Court DENIES plaintiff Jeffrey Nuzzo's motion for reconsideration or relief from judgment (Doc. #59).

It is so ordered.

Dated at New Haven this 10th day of January 2022.

/s/ Jeffrey Alker Meyer
Jeffrey Alker Meyer
United States District Judge